IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES M. SINGER,

        Plaintiff,

v.                                              Civil No. 5:13-cv-66

MARTIN LEVIN,

        Defendant.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On May 23, 2013, Plaintiff filed a Complaint, titled "Introductory Statement" which invokes this Court's jurisdiction pursuant to 42 U.S.C. § 1983 for "recent violations, related to discrimination against Plaintiff" based upon his "mandated report of suspected child abuse." Briefly put, Plaintiff is aggrieved for being fired for reporting suspected child abuse, which he avers that he was bound by law to report. He claims to have suffered a deprivation of his First Amendment right to freedom of speech, as well as substantive due process under the Fourteenth Amendment. Over a month went by, and, after Plaintiff failed to file an application to proceed as a pauper or pay the filing fee, the Court ordered him to show cause why the complaint should not be dismissed for failure to prosecute. Plaintiff responded by filing his application to proceed as a pauper as well as his Amended Complaint, which restates Plaintiff's allegations mentioned above but also includes a letter written from an attorney to Defendant. It is the application to proceed as a pauper which the Court now reviews.

### II. DISCUSSION

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss, at any time, any action proceeding *in forma pauperis* if it determines that the action fails to state a claim on which relief may be granted.

1

After preliminary review of Plaintiff's Amended Complaint, the Court finds that it must be dismissed

for failure to state a claim. To state a cause of action under § 1983, Plaintiff would have to show (1)

that he has been deprived of a right guaranteed by the Constitution or laws of the United States, and

(2) that this violation of his rights was committed by a person acting under color of state law. *See e.g.*

*West v. Atkins*, 487 U.S. 42 (1988).

Although it is questionable whether Plaintiff has alleged a valid constitutional violation for

which relief may be granted, the Court need not reach that question because Defendant is clearly not

a state actor. From what can be gleaned from the Amended Complaint, Plaintiff was hired and being

supervised by Defendant, a licensed psychologist, which appears from the complaint to be a West

Virginia licensing requirement for psychologists with out of state degrees. Defendant, whether for the

reasons alleged by Plaintiff or not, fired him. Defendant, as a private psychologist, is not a state actor.

*See e.g. Koltz v. Bezmen*, 822 F. Supp. 114 (E.D.N.Y. 1993); *Layser v. Morrison*, 935 F. Supp. 562

(E.D. Pa. 1995); *Haag v. Cuyahoga*, 619 F. Supp. 262 (N.D. Oh. 1985); *Williams v. Bierman*, 46 F.

Supp. 2d. 1262 (M.D. Fl. 1999).

There are several situations where private action can be attributed to the state, and the United

States Supreme Court has developed a litany of tests to determine if private action can be deemed state

action. *See Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442 (10th Cir. 1995) (compiling the

tests). None of those tests are satisfied here. First, there is the "nexus test" under which "a state

normally can be held responsible for a private decision 'only when it has exercised coercive power or

has provided such significant encouragement, either overt or covert, that the choice must in law be

deemed to be that of the State.'" *Id*. at 1448 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

There is nothing in the Amended Complaint to suggest that the state has exercised coercive power or

provided significant encouragement to Defendant to make him fire Plaintiff.

Second, the "symbiotic relationship" test requires a showing that the state "'has so far insinuated itself into a position of interdependence' with a private party that 'it must be recognized as a joint participant in the challenged activity.'" *Id*. at 1551 (quoting *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961)). There is nothing in the Amended Complaint to suggest this symbiotic relationship. Third, private party action can be attributed to the state if there is a showing of joint action, which requires a showing that the "private party is a 'willful participant in joint action with the State or its agents.'" *Id*. at 1453 (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)). Again, there is no suggestion of the state acting jointly with Dr. Levin in his firing of Plaintiff.

Finally, "[i]f the state delegates to a private party a function traditionally exclusively reserved to the State, then the private party is necessarily a state actor." *Id*. at 1456 (internal quotation and citation omitted) (citing *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614 (1991)). This is a difficult test to satisfy because, "'[w]hile many functions have been traditionally performed by governments, very few have been exclusively reserved to the State.'" *Id*. (quoting *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 158 (1978)). Among the limited categories of functions the Supreme Court has found to be exclusively reserved to the state are administering elections of public officials; the operation of a company-owned town, and the management of a city park. *Id*.

Although the requirement that Plaintiff be supervised by a licensed psychologist might be a state requirement, there is nothing to suggest that Defendant was under a duty to supervise, which can clearly be seen by the letter attached to Plaintiff's Amended Complaint that shows the trouble he is having finding a supervisor. Nor is there anything to suggest that the state controlled or was any way associated with Defendant's firing of Plaintiff. In fact, it appears that the state did not pay Defendant for his supervision. Rather, another private doctor, Dr. Chalifoux, paid Defendant for his services in supervising Plaintiff, who was under Dr. Chalifoux's employ. In sum, the Court has liberally construed

Plaintiff's *pro se* complaint, as it is required to do, *see Haines v. Kerner*, 404 U.S. 519 (1972), and because Defendant is not a state actor, nor can his action to be attributed to the state, the Court finds that the application to proceed as a pauper should be **DENIED** and the case should be **DISMISSED**.

### III. CONCLUSION & RECOMMENDATION

Because this § 1983 action is attempting to proceed against a private individual, and because there is no action which can be fairly attributed to the state, the undersigned **RECOMMENDS** that Plaintiff's motion to proceed as a pauper be **DENIED**, and that the case be **DISMISSED**.

Any party may, within fourteen (14) days of receipt of this recommendation, file with the Clerk of the Court written objections identifying the portions of the recommendation objected to, and the basis for those objections. A copy of the objections should also be submitted to the District Judge of record. Failure to timely object to the recommendation will result in a waiver of the right to appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

The Clerk is directed to mail a copy of this Order to Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

Dated: July 24, 2013                         /s/ *James E. Seibert*
                                             JAMES E. SEIBERT
                                             UNITED STATES MAGISTRATE JUDGE