IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JAMES M. SINGER,

    Plaintiff,

v.                                      Civil Action No. 5:13CV66
                                               (STAMP)

MARTIN LEVIN,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I. Background

The pro se[1] plaintiff filed his complaint with this Court, which he titled "Introductory Statement." The plaintiff states that he is bringing his action pursuant to 42 U.S.C. § 1983 for recent violations related to discrimination by the defendant based on his mandated report of suspected child abuse. Further, the plaintiff asserts that the defendant wrongfully accused him of committing the child abuse that he reported. The plaintiff asserts that his First Amendment right to freedom of speech and his substantive due process rights under the Fourteenth Amendment were violated.

Pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 636, this Court referred the plaintiff's complaint to United States

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

Magistrate Judge James E. Seibert for report and recommendation. Magistrate Judge Seibert then issued an order to show cause because the plaintiff had not paid his filing fee or filed an application to proceed in forma pauperis. In response, the plaintiff filed an application to proceed in forma pauperis in addition to filing an amended complaint restating his allegations and including an email written from an attorney to the defendant.

After receiving the plaintiff's amended complaint, the magistrate judge issued a report and recommendation, recommending that the plaintiff's complaint be dismissed for failure to state a claim upon which relief may be granted and recommending that the plaintiff's motion to proceed in forma pauperis be denied as moot. Specifically, the magistrate judge found that the defendant was not a state actor nor was he acting under color of state law. Thus, the magistrate judge stated that the plaintiff cannot assert a claim under § 1983 against this defendant. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. The plaintiff filed a motion for a continuance to file a response to the report and recommendation. This Court granted this motion as framed, and provided the plaintiff with an additional month to file any objections to the report and recommendation. Thereafter, the plaintiff filed a

document entitled "Clarification in Response to Order Granting Plaintiff's Motion for Continuance." This document requests that this Court reconsider the recommendation of dismissal, and therefore, this Court will construe the document as objections to the report and recommendation.

### III. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because this Court construes the plaintiff's filing entitled "Clarification in Response to Order Granting Plaintiff's Motion for Continuance" as an objection to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

### IV. Discussion

Pursuant to 28 U.S.C. § 1915(e), this Court is required to dismiss all civil actions filed without prepayment of a filing fee, if at any time it is determined that the plaintiff proceeding without prepayment "fails to state a claim on which relief may be granted" or if the action seeks recovery from an individual that is immune. 28 U.S.C. § 1915(e)(2). In determining whether a complaint states a claim upon which relief may be granted, a court should not scrutinize the pleadings "with such technical nicety that a meritorious claim should be defeated . . . ." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Thus, a pro se

complaint should not be summarily dismissed unless "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 521 (1972) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The plaintiff names only one defendant in this action, Martin Levin. From what this Court can understand from the complaint, the defendant and plaintiff are both psychologists. It appears that the defendant was supervising the plaintiff because the plaintiff was from out-of-state, and West Virginia requires that out-of-state psychologists be supervised by a licensed in-state psychologist. The plaintiff, however, also asserts that the defendant "hired" the plaintiff, but it is unclear in what capacity the plaintiff was hired by the defendant. Other than being a West Virginia licensed psychologist, the plaintiff does not allege any other connections that the defendant has with the state. As to the allegations made against the defendant, the plaintiff asserts that the defendant wrongfully accused him of committing certain acts of child abuse that the plaintiff himself reported based on state law. Further, the plaintiff asserts that the defendant fired him based on these allegations.

As the magistrate judge noted, to state a cause of action under § 1983, the plaintiff must show (1) that he has been deprived of a right guaranteed by the Constitution or laws of the United

4

States, and (2) that this violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49.

This Court agrees with the magistrate judge's finding that the defendant was in no way acting under the color of state law and, therefore, the defendant is not subject to a civil rights action brought under § 1983. In his amended complaint, the plaintiff makes no allegations that the defendant is a state actor or that he was acting for a state actor when he committed the alleged wrongs against the plaintiff. This issue is not remedied by what this Court is construing as the plaintiff's objections. In his objections, the plaintiff alleges that the government covered up the alleged child abuse that the plaintiff reported, but this in no way implicates the defendant in the alleged cover-up, and further, the alleged cover-up is not the allegation asserted against the defendant. Accordingly, this Court must dismiss the plaintiff's complaint brought pursuant to § 1983.

## V. Conclusion

For the reasons stated above, this Court finds that the report and recommendation of the magistrate judge should be, and is

hereby, AFFIRMED and ADOPTED in its entirety. Accordingly, the plaintiff's motion to proceed in forma pauperis is DENIED AS MOOT. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 4, 2014

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE